UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:14-CV-00016-GNS-HBB

DAWN GOODRUM                                                                                                            PLAINTIFF

v.

WAL-MART STORES EAST, L.P.                                               DEFENDANT

**MEMORANDUM OPINION & ORDER**

Defendant has filed a motion to dismiss for failure to prosecute. (DN 24). Plaintiff's failure to respond to this motion, other orders, and the Court's inability to draw a response from Plaintiff leads the Court to conclude dismissal is warranted. The Motion to Dismiss (DN 24) is **GRANTED**.

## I.     SUMMARY OF FACTS AND CLAIMS

On December 20, 2012, Plaintiff Dawn Goodrum ("Goodrum") was allegedly involved in a slip-and-fall at a Wal-Mart Store in Bowling Green, Kentucky. In the Complaint she filed in Warren Circuit Court, Goodrum alleges the negligence of Wal-Mart Stores East, L.P. ("Wal-Mart") was a substantial factor in her fall and subsequent injury. (Compl., DN 1-2). On January 30, 2014, Defendant properly removed that action to this Court based upon diversity jurisdiction under 28 U.S.C. § 1332. (Notice of Removal, DN 1).

After Plaintiff's initial counsel withdrew, she retained replacement counsel. On August 12, 2014, the Court granted the motion of her replacement counsel to withdraw and directed Goodrum to retain new counsel within sixty days. After that sixty-day period had lapsed, Wal-Mart moved to dismiss for lack of prosecution. (DN 20).

On October 20, 2014, the Court held a telephonic conference in which Plaintiff appeared *pro so*. After that conference, the Court denied the motion "at [that] time." (Order, DN 21). "Due to circumstances of the plaintiff," however, she was granted an additional sixty days to secure new counsel. (Order, DN 21). When Plaintiff did not retain new counsel within sixty days, Wal-Mart filed its current motion to dismiss. (Motion to Dismiss, DN 24). Magistrate Judge Brennenstuhl ordered a telephonic conference be held, but the Court was unable to contact Goodrum at the number provided to either schedule the call or at the time specified in the order. (Order, DN 26; Report, DN 27). Since her attorneys' withdrawal, court filings have been copied to Plaintiff's mailing address.

## II. STANDARD

Upon motion of a defendant, a court may involuntarily dismiss an action "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). The Sixth Circuit considers four factors in reviewing dismissals under Rule 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." *Reyes*, 307 F.3d at 458. Plaintiff bears the burden to establish her failure to prosecute was due to "inability, not willfulness or bad faith." *Id*.

### III.    DISCUSSION

In this case, three of these four considerations weigh in favor of dismissal. As to the first, Goodrum has not responded to Defendant's motion to dismiss. The Court has been given no explanation for her failure to pursue her claim. Given Plaintiff's burden, this factor weighs in favor of dismissal.

Second, Defendant claims that it has been prejudiced from continuous delays in this litigation. After withdrawal of her most recent counsel, Plaintiff was given two deadlines to secure new counsel. After the first deadline lapsed, the Court held a teleconference in which Goodrum participated and was granted further extension. After the second deadline lapsed, Goodrum neither participated in nor offered any explanation for failing to appear for the teleconference with Magistrate Judge Brennenstuhl. While the six months this litigation has been delayed is not extreme in the context of much litigation, Defendant certainly suffers prejudice from continuous delays in having to defend against Plaintiff's claims. As such, this factor weighs in favor of dismissal.

While the third consideration does not weigh in favor of dismissal, it is mitigated by the procedural history of this case. Due to Defendant's two motions to dismiss for lack of prosecution and the teleconferences with the Court, Plaintiff has been previously put on notice that her failure to prosecute her case could result in dismissal of the lawsuit. Though the Court considered an additional formal warning that dismissal might result from a failure to prosecute, it concludes this would prove redundant with Defendant's previous motions and the Court's prior teleconferences. Goodrum has been given multiple opportunities to find counsel and pursue her claim. She has failed to do so and is now unresponsive to the Court's attempts to contact her. As such, the motion to dismiss will be granted.

## IV.     CONCLUSION

For the foregoing reasons, the Motion to Dismiss (DN 24) is **GRANTED**.

Greg N. Stivers, Judge
United States District Court

April 10, 2015

cc:    counsel of record
       Plaintiff, *pro se*